

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-58** |
| | § | |
| **AARON ILLINOIS ARMSTRONG** | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Aaron Illinois Armstrong, violated conditions of supervised release imposed by United States District Judge Marcia A. Cone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #58) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on September 20, 2017, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

**STATEMENT OF REASONS**

**A.  Procedural History**

On May 21, 2008,  The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, sentenced Mr. Armstrong after he pled guilty to the offense of possession with intent to distribute less than 5 grams of cocaine base, a Class C felony.  Judge Crone sentenced the defendant to 120 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure to verify employment; drug treatment; and $100 special assessment.

On February 21, 2012, the Court granted Mr. Armstrong's motion for a sentence reduction and reduced his term of imprisonment to 100 months (doc. #51).  On December 29, 2014, Aaron Illinois Armstrong completed his period of imprisonment and began service of the supervision term.

After Mr. Armstrong revealed he was struggling with depression and lacked a stable residence, the United States Probation Office requested a modification of Mr. Armstrong's terms of release to include mental health treatment and a 120-day placement in a residential reentry center. The Court granted that modification on August 16, 2016 (doc. #52).

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated a mandatory condition of his supervision as follows:

*The defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 120 days to commence immediately. The defendant shall abide by the rules and regulations of the center.*

Specifically, Mr. Armstrong entered Bannum Place of Beaumont on January 18, 2017, but he was unsuccessfully discharged on March 30, 2017, after multiple accountability issues.

**C. Evidence presented at Hearing:**

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the case proceeded to a final hearing, the Government would present evidence to show that as a condition of his supervised release, Mr. Armstrong was ordered to reside in Bannum Place, a residential reentry center, and abide by the rules and regulations of the center. The Government proffered evidence establishing that Mr. Armstrong entered Bannum Place on January 18, 2017, but he was unsuccessfully discharged on March 30, 2017, after multiple accountability issues

Defendant, Aaron Illinois Armstrong, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he was

unsuccessfully discharged from Bannum Place in violation of his supervision conditions.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being unsuccessfully discharged from the residential reentry center.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years.  *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.  In this case, according to information submitted by the Probation Office, Mr.  Armstrong failed to serve 48 days of court-ordered halfway house time because he was unsuccessfully discharged from Bannum Place on March 30, 2017.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation

of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Armstrong pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **seven (7) months** for the revocation, which includes the 48 days of unserved halfway house time pursuant to the parties' agreement.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of September, 2017.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE